UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID EARL JOHNSON #166293     CIVIL ACTION NO. 16-cv-0660

VERSUS     JUDGE FOOTE

N. BURL CAIN     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

A Caddo Parish jury convicted David Earl Johnson ("Petitioner") of three counts of molestation of a juvenile. Petitioner was adjudicated a third felony habitual offender and received sentences totaling 60 years on the three counts. The convictions and sentences were affirmed on appeal (with some modification regarding parole eligibility). State v. Johnson, 962 So.2d 1126 (La. App. 2d Cir. 2007). Petitioner next filed a state post-conviction application and a motion to correct illegal sentence, both of which were denied.

Petitioner then filed this federal habeas corpus petition. He argues that (1) he was denied the benefit of 2001 legislation that should have reduced his habitual offender sentence exposure, (2) he was not present when the trial court denied his motion to reconsider sentence, (3) it was impossible that he was the person who was convicted of a predicate marijuana charge because he was in jail elsewhere at the time, and (4) the maximum sentences on his predicate drug convictions were not long enough to trigger the habitual offender statute. The State responds that the petition is untimely and that the claims

are subject to a procedural bar, based on state rather than federal law, and lack merit. For the reasons that follow, it is recommended that the petition be denied as untimely.

**Background Facts**

Three girls, ranging in age from 15 to 22 at the time of trial, testified in detail about how Petitioner raped or molested them when they were between 8 and 14 years old. Petitioner admitted to police that he had engaged in attempted intercourse, oral sex, and other inappropriate activity with two of the girls, but he denied improper contact with the child who was his biological daughter. Petitioner later testified at his sentencing hearing and expressed regret for what he called the attempted molestation of the two older girls. Tr. 829-32.

At the habitual offender adjudication, the court received in evidence minutes and transcripts to evidence guilty pleas in Caddo Parish to attempted possession of marijuana and attempted possession of cocaine. A deputy took Petitioner's fingerprints in open court, compared them to those of the defendant in the prior cases, and testified that they were all by the same person. The judge found that Petitioner was a third felony offender and issued an enhanced sentence of 30 years on count one, plus consecutive 15-year sentences on counts two and three. Tr. 503-28, 779-92.

**Analysis**

   **A. Timeliness**

A one-year period of limitations applies to petitions for habeas corpus. It runs from the latest of several start dates, including the one applicable here—the date on which the state court judgment of conviction "became final by the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first task, then, is to determine the date on which Petitioner's convictions became final after direct review.

Petitioner challenged his convictions on direct appeal to the intermediate appellate court and then filed an application for a discretionary writ to the Supreme Court of Louisiana, which denied the application on February 15, 2008. Tr. 1013. Petitioner did not file a petition for certiorari to the United States Supreme Court. In these circumstances, Petitioner's convictions are deemed final and commence the running of the federal limitations period when the 90-day period for filing a petition for certiorari to the Supreme Court expires. Matthis v. Cain, 627 F.3d 1001, 1003 (5th Cir. 2010), citing Jimenez v. Quarterman, 129 S.Ct. 681, 685 (2009). Thus, Petitioner's convictions became final for federal habeas purposes 90 days after the Supreme Court of Louisiana denied writs on February 15, 2008. That date was Thursday, May 15, 2008.

The time during which a properly filed application for post-conviction review is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). Accordingly, the federal limitations clock began to tick on May 15, 2008 and ran until Petitioner either (1) filed a federal habeas petition to stop it or (2) filed in the state court an application for post-conviction relief that tolled it.

Petitioner filed a post-conviction application in state court that was stamped filed on January 15, 2010. Tr. 1039. Louisiana post-conviction filings benefit from a mailbox rule, deeming them filed when tendered to prison officials for mailing. LeBeuf v. Cooper, 2007 WL 1010296 (5th Cir. 2007) ("We have extended the mailbox rule to determine the

filing dates for Louisiana postconviction relief PCR applications."). The copy of Petitioner's application in this record does not include legible evidence of the date of mailing, but Petitioner signed his memorandum the "__ day of Jan., 2010." Even if it is assumed Petitioner tendered his application on January 1, 2010 (and he could not have tendered it before he signed it), the application came too late to toll the federal one-year limitations period. It had already expired.

A total of 596 days—more than one year—passed between the finality of the conviction on May 15, 2008 and the earliest possible filing of the post-conviction application on January 1, 2010. The filing of the application was timely under Louisiana's two-year limitations period for state post-conviction applications, La. C. Cr. P. art. 930.8, but the one year allowed to file a federal petition had already expired. Petitioner did not file his federal petition until May 12, 2016, almost eight years after his conviction was final.

The post-conviction proceedings ended in November 2011 when the Louisiana Supreme Court denied two writ applications and a request for rehearing. Tr. 1194, 1198-99. But that does not matter. The filing of the post-conviction application did not restart the one-year federal period. "By its plain language, [§ 2244(d)(2)] does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings." Davis v. Vannoy, 2019 WL 1522522, *5 (E.D. La. 2019). All time that passed between finality of the conviction and the filing of the post-conviction application counted against the one-year period. Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998). Thus, the one-year period for seeking federal habeas review

expired before Petitioner filed the post-conviction application, and the post-conviction application and related proceedings were of no effect on the timeliness of the federal petition. Tsolianos v. Cain, 540 Fed. Appx. 394 (5th Cir. 2013).[1]

Petitioner later filed in state court a motion to correct illegal sentence (Tr. 1200) in December 2013, and it is the claims asserted in that motion that are the principal subject of the federal habeas petition. A motion to correct an illegal sentence may constitute a properly filed application for state post-conviction or other collateral review that triggers tolling under § 2244(d)(2). Sampia v. Cain, 48 Fed. App'x 916 (5th Cir. 2002). But that is of no moment in this case because the one-year federal limitations period expired long before the motion was filed in state court. The same is true with respect to a second post-conviction application that Petitioner filed in state court and litigated between 2016 and 2018. See Doc. 25, pg. 5, n. 3. "[A]pplications or motions filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations." Billiot v. Louisiana, 2016 WL 6496247, *3 (E.D. La. 2016), citing Scott v. Johnson, 227

---

[1] The Louisiana petitioner in Tsolianos did the same thing as this petitioner. He filed a timely state application (within two years) but more than one year from finality of his conviction. His federal petition was untimely. The Court explained in footnote 3: "AEDPA provides that the 'time during which a properly filed application for State post-conviction ... review ... is pending shall not be counted' against that one-year period. 28 U.S.C. § 2244(d)(2). Louisiana law, in contrast, provides an incarcerated person two years within which to file a petition for post-conviction relief. See LA. CODE CRIM. PROC. ART. 930.8(A) (West 2012). If a petitioner files a petition for post-conviction relief in state court before the expiration of the one-year limitations period, the federal clock stops running until the state post-conviction action is concluded. But the one-year clock does not reset; rather, it resumes from where it left off. See § 2244(d)(2). Because Tsolainos's state habeas petition was not filed within the one-year period, it did not statutorily toll the limitation clock."

F.3d 260, 263 (5th Cir. 2000). Once the federal limitations period has expired, a state post-conviction filing comes to late because there is "nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008). The federal petition is untimely.

### B. Equitable Tolling

The one-year limitation is subject to equitable tolling in "rare and exceptional circumstances." Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002). The petitioner who seeks equitable tolling bears the burden of proof on the issue. Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013). He must show (1) that he has been pursuing his rights with "reasonable diligence" and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). The exception "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner has not invoked equitable tolling and attempted to shoulder his burden, and there are no extraordinary facts apparent in the record that would warrant its application.

Accordingly,

It is recommended that Petitioner's Petition for Writ of Habeas Corpus be denied as untimely.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of May, 2019.

Mark L. Hornsby
U.S. Magistrate Judge